UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICOLA MESSERE,

    Plaintiff,

v.

DAVID L. WINN, et al.,

    Defendants.

CIVIL ACTION NO. 03-40279-EFH

HON. EDWARD F. HARRINGTON, USDJ

_____/

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR IMMEDIATE RELIEF

NOW COMES the above named Plaintiff, NICOLA MESSERE and submits the following Memorandum of Points and Authorities in support of his Motion for Summary Judgment and his Motion for Immediate Relief.

I.    **DISTRICT COURT DECISIONS.**

A.    The following cases decide all of the legal issues favorably with respect to transfers by the Bureau of Prisons to a half-way house for six months at the end of a sentence, regardless of its length, and should be followed by this Court in granting the Motion for Immediate Relief and the Motion for Summary Judgment.

(i)    Cato v. Menifee, No. 03-CIV-5797 (D.C.) (S.D.N.Y. November 20, 2003) (Chin, D. J.).

(ii)    Ciofoletti v. Federal Bureau of Prisons, No. 03-CIV-3220 (ILG) (E.D.N.Y., November 6, 2003) (Glasser, D.J.).

-1-

(iii) *Greenfiled v. Menifee*, NO. 03-CIV-8205 (KWM) (S.D.N.Y. October 30, 2003) (Wood, D. J.).

COPIES OF THESE OPINIONS ARE ATTACHED TO THIS MEMORANDUM

B.  The following reported cases decide one or more of the legal issues favorably to the Plaintiff with respect to sentences to a half-way house at the beginning of a case, and should also be followed by this Court in granting the Motion for Immediate Relief and the Motion for Summary Judgment.

(i) *Monahan v. Winn*, 276 F.Supp.2d 196 (D.Mass. 2003).

(ii) *United States v. Iacaboni*, 251 F. Supp. 2d 1015 (D.Mass. 2003).

(iii) *United States v. Serpa*, 251 F. Supp. 2d 288 (D.Mass. 2003).

(iv) *Mallory v. United States*, 2003 WL 1563764 (D.Mass. 2003).

(v) *Culter v. United States*, 241 F. Supp. 2d 547 (D.D.C. 2003).

(vi) *United States v. Ashkenazi*, 241 F. Supp. 2d 1 (D.D.C. 2003), vacated and remanded as moot *Ashkenazi v. Attorney General of U.S.* 346 F3d 191 (D.C.Cir. 2003).

(vii) *Tipton v. Federal Bureau of Prisons*, 262 F. Supp. 2d 633 (D.Md. 2003).

(viii) *Byrd v. Moore*, 252 F. Supp. 2d 293 (W.D.N.C. 2003).

(ix) *Ferguson v. Ashcroft*, 248 F. Supp. 2d 547 (M.D.La. 2003).

(x) *Howard v. Ashcroft*, 248 F. Supp. 2d 518 (M.D. La. 2003).

C.  The following reported case decides one or more of the legal issues unfavorably to the Plaintiff, but should **not** be followed by the Court as the reasoning applied is faulty and the case is presntly on

-2-

appeal to the Court of Appeals for the Ninth Circuit with the District Court Judgment stayed pending appeal.

(i) **Benton v. Ashcroft, 273 F.Supp. 2d 1139 (S.D.Cal. 2003).**

D. Some unreported Memorandum and Orders exist in this District and in other District Courts, a majority of which are favorable to the Plaintiff's position and a minority of those that are not favorable to the Plaintiff.

## II. APPELLATE COURT DECISIONS.

A. There are no reported Appellate Court decisions as of the date of the filing of this Memorandum which addresses the issues raised in the Plaintiff's Complaint.

B. The issue with respect to judicial recommendations of a sentence directly to a half-way house are pending in the United States Court of Appeals for the Second Circuit in **United States v. Arthur, No. 03-1046.** This case was argued before a panel of the Second Circuit on November 17, 2003 and remains pending. The same issue is pending in the United States Court of Appeals for the Ninth Circuit in **Benton v. Ashcroft, No. 03-56343.** The Appellant's opening Brief and the Appellees Brief have been filed as of December 31, 2003.

C. The case which poses the exact same one raised by the Plaintiff with respect to a transfer to a half-way house for a period of six (6) months

at the end of a sentence is pending in the First Circuit Court of Appeals in **Goldings v. Winn, No. 03-2633.** The Plaintiff-Appellant Goldings has timely submitted his Brief and the Appellees Brief is due to be filed on January 30, 2004.

Based upon the above recited authority, the Plaintiff has a high probability of success on the merits of his Complaint, and every day which passes from January 2, 2004 from his being transferred to a half-way house diminishes his entitlement and causes him further irreparable harm.

The Plaintiff respectfully requests that this Honorable Court grant the relief requested and Order the Defendant, Warden, David L. Winn to transfer the Plaintiff to a half-way house forthwith.

DATED: JANUARY 22, 2004

RESPECTFULLY SUBMITTED,

NICOLA MESSERE
55094-066 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432